**Baljit SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–71179.
Agency No. A73–047–545.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 16, 2004.

Garish Sarin, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, William C. Minick, Washington, DC, for Respondent.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM**

Baljit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the denial of asylum for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

▮ Substantial evidence supports the BIA's decision that Singh failed to establish past persecution or a well-founded fear

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of future persecution. Any mistreatment Singh received was due to a legitimate criminal investigation of terrorist activities because Singh's father assisted terrorists by giving them food and shelter in their home and joined the Khalistan Commando Force, a terrorist organization. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1045 (9th Cir. 2004).

Because petitioner failed to establish eligibility for asylum, it follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

In addition, petitioner does not make out a CAT claim because he failed to demonstrate it was more likely than not that he would be tortured if he returned to India. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon the issuance of the mandate.

The motion for judicial notice filed September 29, 2004, is denied as moot.

**PETITION DENIED.**